### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 09-801-01 |
| | : | |
| MANUEL CHIRENO-GIL | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                   **August 11, 2016**

The defendant moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). He invokes Amendment 782 to the U.S. Sentencing Guidelines, which reduced the offense level of certain drug offenses, by two levels.

Because he was sentenced to a statutory minimum sentence and his sentence was not based on a sentencing range affected by Amendment 782, the defendant is not eligible for a reduction.  Therefore, his motion will be denied.

The defendant was convicted by a jury of attempted possession of five or more kilograms of cocaine.  As calculated by the Probation Office, pursuant to U.S.S.G. § 2D1.1(c),  the base offense level was 34.  After a two-level reduction for a minor role adjustment, the total offense level was 32.  His criminal history category of I and the total offense level of 32 resulted in a guideline range of 121 to 151 months.  The defendant was subject to a mandatory minimum sentence of 120 months.

The defendant was sentenced to 120 months, a downward variance from the applicable guideline range.  He appealed to the Third Circuit which affirmed his conviction. *United States v. Chireno-Gill*, 444 F. App'x 626 (3d Cir. 2011).

Section 3582(c)(2) permits the district court to reduce a sentence of imprisonment where:  (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) the reduction is "consistent with

applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).

Amendment 782 reduced the base offense levels assigned to specific drug quantities on the § 2D1.1 Drug Quantity Table by two levels.  U.S.S.G. App. C. Amend. 782 (Nov. 1, 2014).  The reduction resulted in a lower total offense level, effectively reducing the guideline sentencing range.  At the same time, the Sentencing Commission made the amendment retroactive.

In determining whether Amendment 782, like any other retroactive guideline amendment applies, the district court engages in a two-step analysis.  First, the district court calculates what the amended guideline range would have been had the relevant amendment been in effect at the time of the initial sentencing.  Second, it considers the relevant § 3553(a) factors to determine, in its discretion,  whether the reduction under the first step is warranted.  *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Before engaging in the analysis, the district court must determine whether the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* at 827.  The Guidelines Manual permits only a reduction based on amendments listed in subsection (c).  U.S.S.G. § 1B1.10(b)(1).  All other guideline applications must be left undisturbed.

The applicable policy statement, § 1B1.10(a)(2)(B), does not authorize a sentence reduction if the amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G.  § 1B1.10(a)(2)(B).  To be eligible for a sentence reduction, the amended base offense level must lower the defendant's sentencing range.

A reduction is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation

of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10, n.1 (A). The mandatory sentence sets the bottom of the applicable guideline range. Where the guideline range is lower than the statutory minimum, the higher statutory minimum becomes the guideline sentence. U.S.S.G. § 5G1.1(b). Thus, when the amended range falls below the statutory minimum sentence, the sentence may not be reduced.

A reduction may not be "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2) (Nov. 2009). Only where the original sentence was below the then-applicable guideline range as the result of the government's motion under § 5K1.1 or 18 U.S.C. § 3553(e), can the district court impose a sentence "comparably" below the amended range. U.S.S.G. § 1B1.10(b)(2)(B). Here, the defendant's sentence was not affected by a government motion under § 5K1.1 or § 3553(e).

Amendment 782 applies only to the guideline range that was calculated on the basis of the drug quantity under § 2D1.1. Section 1B1.10 defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provisions in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, n.1(A). The amendment does not affect the statutory mandatory minimum sentence.

The defendant's sentence was not based on the guideline range calculated using the drug quantity. Rather, it was determined by the higher minimum sentence set in U.S.S.G. § 5G1.1. Therefore, because the amended guideline range is unaffected by Amendment 782, the defendant is ineligible for a sentence reduction.